PENDLETON, APPELLEE, *v.* PENDLETON, APPELLANT.

(No. 2400—Decided February 18, 1957.)

*Mr. William M. Cromer,* for appellee.
*Mr. John P. McHugh,* for appellant.

HORNBECK, P. J. This is an appeal from an order of the Common Pleas Court, Division of Domestic Relations, modifying a former order by awarding the custody of Jackie Pendleton, a child of the parties, to the plaintiff, the mother of the child.

Four errors are assigned, directed to the admission of certain material testimony of the defendant on cross-examination and of the present wife of the defendant, which it is claimed should have been excluded as privileged communications between husband and wife.

There is no claim that the testimony as admitted by the trial judge does not support the modification of the custodial order, but it is urged that it should not have been admitted and that it affords the only support for the order.

There is some proof of one of the grounds of the motion to modify, viz., the intoxication of the defendant, independent of the testimony claimed to have constituted the privileged communications and acts. However, it must be said that this testimony was the principal support of all the grounds of the motion, and the sole support of some of them, without which the order could not be permitted to stand.

However, it is well recognized that the protection of the privileged communications statute may be waived, and that once waived in the trial of a cause it may not be asserted later in that matter. 42 Ohio Jurisprudence, 240, Section 237. A careful reading of the record in its entirety is convincing that the defendant waived the privilege.

The present wife was interrogated fully, as a witness for plaintiff, as to defendant's habits of intoxication and as to his physical abuse of her in the home of the defendant where Jackie Pendleton lived, which interrogation continued until page 33 of the record before specific objection on the ground of the confidential character of the acts and conversations was made. This delay clearly constituted a waiver of the privilege. The evidence admitted subsequent to the specific objection did not differ materially from that which had been theretofore received.

In the situation developed by the record the trial judge committed no prejudicial error in any of the particulars assigned.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN and CRAWFORD, JJ., concur.